1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICIA V. COOPER,                          No.  2:21–cv–1538–JAM-KJN PS

12              Plaintiff,                         ORDER

13        v.                                       (ECF No. 10.)

14   CITY OF FAIRFIELD, et al.,

15              Defendants.

16

17        On August 26, 2021, defendants removed this case to this court.  (ECF No. 1.)  On

18   September 2, defendants filed a motion to dismiss, noticing the motion for an October 7, 2021

19   hearing before the undersigned.[1]  (ECF No. 3.)  Plaintiff failed to file her opposition by the

20   required deadline, and so the court vacated the hearing and provided her with an additional

21   opportunity to respond by written filing.  (ECF No. 4.)  Plaintiff then requested an extension of

22   time to respond, asserting she needed more time to find counsel.  (ECF No. 5).  The extension

23   was granted, and in November 2021, the parties stipulated to a further extension.  (ECF Nos. 6,

24   7.)  Under the stipulation, plaintiff was required to update the court as to the status of her search

25   by January 13, 2022.  (ECF No. 8.)

26   ///

27

28

---

[1]  This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal.
Local Rule 302(c)(21).

1

1    On January 18, 2022, plaintiff filed a document with the court entitled "Stipulation Re:

2    Further Extension of Time; [Proposed Order]."  (ECF No. 10.)  This document appeared to the

3    court to be the November 2021 stipulation, but altered to indicate the parties had further

4    stipulated to another extension of time as of January 13, 2022.  For clarity, the court ordered

5    defendants to either confer with plaintiff on another stipulation or file opposition to the extension

6    of time, and if defendants opposed, plaintiff could file a reply.  (ECF No. 11.)  On February 3,

7    2022, defendants filed their response opposing the extension of time.  (ECF No. 12.)  Notably,

8    defense counsel indicated he had not consented to the use of his signature on plaintiff's January

9    18th filing.  Plaintiff did not file a reply.  Thus, the January 18th filing appears to be a forgery

10   submitted by plaintiff.

11    Plaintiff has been warned before about her obligations as a litigant in this case.  (See ECF

12   No. 4.)  Specifically, the court has warned plaintiff that, even though she is representing herself,

13   she is still bound by the Federal Rules of Civil Procedure, the court's Local Rules, and all other

14   applicable law.  See Local Rule 183(a) ("All obligations placed on 'counsel' by these Rules apply

15   to individuals appearing [without counsel].  Failure to comply therewith may be ground for

16   dismissal, judgment by default, or any other sanction appropriate under these Rules."); see also

17   King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of

18   procedure that govern other litigants.").  Rule 11(b) states:

19
20    By presenting to the court a pleading, written motion, or other
       paper—whether by signing, filing, submitting, or later advocating
21     it—an attorney or unrepresented party certifies that to the best of
       the person's knowledge, information, and belief, formed after an
       inquiry reasonable under the circumstances:

22    (1) it is not being presented for any improper purpose, such as to
       harass, cause unnecessary delay, or needlessly increase the cost of
23     litigation;
       ***
24    (3) the factual contentions have evidentiary support or, if
       specifically so identified, will likely have evidentiary support after
25     a reasonable opportunity for further investigation or discovery; and

26   Fed. R. Civ. P. 11.  Violations of Rule 11(b) are sanctionable, so longs as the offending party has

27   notice and opportunity to respond.  Id.  Here, plaintiff's January 18th document runs afoul of Rule

28   11, and so plaintiff is ordered to show cause why she should not be sanctioned.

2

Accordingly, the court now ORDERS:

1.  No further extensions of time are granted.  Plaintiff shall have 14 days from the date of this order to file her opposition to the motion to dismiss; thereafter, defendants may submit their optional reply within 7 days of plaintiff's opposition;

2.  Plaintiff shall also have 14 days to show cause why she should not be sanctioned for her January 18th submission; and

3.  Further failure to respond will be construed as plaintiff's consent to the granting of the motion to dismiss and acceptance of sanctions, which may include dismissal of her case. See Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the court as a non-opposition to the motion.").

Dated:  March 7, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

coop.1538

3