1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10    PATRICIA V. COOPER,              No.  2:21-CV-01538-JAM-KJN
      individually as Guardian Ad
11    Litem for minors Z.R.; Z.R.,
      JR.; and D.R., successors-in-
12    interest to ZACHARY T.           **ORDER GRANTING MOTION TO DISMISS**
      ROBINSON,
13
                  Plaintiffs,
14
           v.
15
      CITY OF FAIRFIELD; FAIRFIELD
16    POLICE DEPARTMENT AND ITS
      OFFICERS; OFFICER KENNAN
17    SIEVERS; OFFICER MATTHEW
      THOMAS,
18
                  Defendants.
19

20         Plaintiff Patricia V. Cooper ("Plaintiff") sued in her

21    individual capacity, as a successor-in-interest to Zachary T.

22    Robinson ("Decedent"), and as Guardian Ad Litem for minors Z.R.,

23    Z.R., Junior and D.R., to recover punitive and compensatory

24    damages from the City of Fairfield, Kennan Sievers, and Matthew

25    Thomas ("Defendants") for violations of 42 U.S.C. § 1983.  First

26    Amended Compl. ("FAC")[1], ECF No. 21.  Defendants moved to

27    ─────────────────────

28    [1] Plaintiff's amended complaint is properly referred to as the
      "FAC" and not, as Defendants contend, the "SAC."

                                   1

1    dismiss.  Mot. to Dismiss ("Mot."), ECF No. 24.  Plaintiff

2    opposed the motion.  Opp'n, ECF No. 28.  Several months before

3    the filing of the FAC, Defendants moved to dismiss the initial

4    complaint on separate grounds and Plaintiff moved for a 30-day

5    extension of time to file a motion in opposition.  First Mot. to

6    Dismiss, ECF No. 3; Mot. for Ext. of Time, ECF No. 16.

7         For the reasons set forth below, this Court GRANTS

8    Defendants' second motion to dismiss and DISMISSES AS MOOT

9    Defendants' first motion to dismiss and Plaintiff's motion for an

10   extension of time.

11

12        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

13        On or around January 31, 2022, Decedent was operating a

14   Harley Davidson motorcycle going eastbound on Travis Boulevard

15   and stopped at an intersection before the on-ramp to I-80 East.

16   FAC ¶ 16.  Defendant Officer Kennan Sievers was positioned in his

17   police car at the entrance of the on-ramp, where he saw Decedent

18   accelerate through the red light at the intersection and make a

19   left turn onto the freeway, passing Sievers' car.  Id.  Sievers

20   positioned his car behind Decedent's motorcycle to conduct a

21   traffic stop, where he observed the motorcycle quickly

22   accelerate.  Id.  Sievers activated his emergency lights and

23   siren as Decedent entered onto the freeway.  Id.  Decedent did

24   not yield to Sievers' attempts to conduct a traffic stop and

25   continued to accelerate to a speed of approximately 105 miles per

26   hour.  Id.  Between the Lagoon Valley Road and Cherry Glen exits,

27   Decedent quickly decelerated, made a U-turn, and began driving

28   west on I-80 East into oncoming traffic.  Id.  At this point,

1  Sievers discontinued pursuit and provided a description to

2  dispatch of Decedent and his motorcycle.  Id.

3       Due to safety concerns, no other officer started pursuit of

4  Decedent, instead providing observation updates.  Id.  Officers

5  observed Decedent exit I-80 at the Manuel Campos off-ramp and

6  continue south on North Texas Street.  Id.  Decedent then passed

7  through a red light at the intersection of North Texas Street and

8  Travis Boulevard, travelling approximately 70 miles per hour.

9  Id.  Moments later, an officer reported they heard a collision on

10 North Texas Street as it curved into West Texas Street.  Id.

11 Responding officers reported to the site and observed Decedent

12 had been in a collision and was unconscious.  Id.  Responding

13 officers provided medical assistant to Decedent, but Decedent

14 succumbed to his injuries at the scene.  Id.  Sievers noted

15 extensive damage to Decedent's motorcycle, including sliding

16 damage to both sides and a severely deformed front wheel, and

17 damage to a portion of the cement sidewalk.  Id.  Sievers filed a

18 police report with these findings that was later reviewed by

19 Defendant Officer Matthew Thomas.  Exhibit A, ECF No. 1.

20 Plaintiff alleges that there was also extensive damage to the

21 back of the motorcycle that made the vehicle inoperable.  Id.

22 ¶ 17.  Plaintiff attributes this damage to the alleged use of the

23 PIT (Pursuit Intervention Technique) maneuver, where unnamed, DOE

24 officers rear-ended Decedent's motorcycle during pursuit.  Id.

25 ¶¶ 19, 21.

26      On August 26, 2021, this action was removed from state

27 court.  Notice of Removal, ECF No. 1.  One week later, Defendants

28 moved to dismiss the initial complaint.  First Mot. to Dismiss.

On March 21, 2022, Plaintiff moved for a 30-day extension of time to file a motion in opposition. Mot. for Ext. of Time. Two months later, Plaintiff filed the operative FAC, bringing causes of action under 42 U.S.C. § 1983 for (1) detention and arrest, (2) excessive force, (3) substantive due process, (4) ratification, (5) inadequate training, (6) unconstitutional custom, practice, or policy, and (7) civil conspiracy. See FAC.

Defendants move to dismiss the FAC under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. Mot. at 4. Plaintiff opposes the motion. See Opp'n.

## II.   OPINION

### A.   Legal Standard

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6), the Court must accept the allegations in the FAC as true and draw all reasonable inferences in favor of Plaintiff. Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The FAC must possess more than "a formulaic recitation of the elements of a cause of action;" it must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).

### B.   Analysis

#### 1.   Claim One: Detention and Arrest

Defendants argue that Plaintiff's first claim alleging Decedent's unlawful detention and arrest under the Fourth

4

1    Amendment should be dismissed because Plaintiff's pleading is

2    insufficient to establish Defendants Sievers and Thomas were

3    involved in the alleged conduct.  Mot. at 5.  Defendants note the

4    FAC makes no reference to Sievers or Thomas, instead solely

5    referring to the alleged actions of unnamed, DOE officers as the

6    perpetrators of both the high-speed chase of Decedent and the

7    later PIT maneuver on Decedent's motorcycle.  Id.

8         Plaintiff argues that the motion to dismiss concedes that

9    unnamed officers committed the alleged constitutional violation

10   against Decedent and that these uncontested facts are sufficient

11   to maintain the action against Defendant City of Fairfield and,

12   by extension, Officers Sievers and Thomas.  Opp'n, at 9.

13   Plaintiff further states that Sievers and Thomas coordinated with

14   the unnamed officers and were at the scene of the collision,

15   which is enough for the Court to reasonably infer that Sievers

16   and Thomas committed the alleged constitutional violation.  Id.

17        The Court finds that Plaintiff has failed to allege facts

18   sufficient to maintain this claim against Sievers and Thomas.

19   The FAC must contain non-conclusory, factual allegations

20   sufficient "to raise a right to relief above the speculative

21   level."  Twombly, at 554.  Here, in opposing this motion,

22   Plaintiff's contention that Sievers and Thomas were involved in

23   the alleged constitutional violation fails to rise beyond

24   speculation.  The FAC attributes the conduct at issue, namely the

25   high-speed chase and the execution of the PIT maneuver, entirely

26   to DOE officers.  FAC ¶¶ 30-34.  At no point does the FAC mention

27   Sievers or Thomas or allege any non-conclusory facts that could

28   lead to a reasonable inference that they were involved.  In the

5

1  absence of these facts, the Court dismisses this claim against
2  Defendants Sievers and Thomas without prejudice.

3        The Court further notes that the Fairfield Police Department
4  is not a properly named defendant for Plaintiff's § 1983 claims.
5  See Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 996 (N.D.
6  Cal. 1996) (finding the county was a proper defendant but that
7  suing an agency of the county was improper).  It has also been
8  established that a municipal defendant cannot be held liable
9  under § 1983 under a respondeat superior theory.  Hunter v. Cnty.
10  of Sacramento, 652 F.3d 1225, 1232–33 (9th Cir. 2011).  Plaintiff
11  has failed to allege any facts under this first claim nor under
12  claims two, three, and seven to support liability against
13  Defendant City of Fairfield outside of respondeat superior, which
14  also makes the City of Fairfield an improper defendant for these
15  claims.  The Court also dismisses Defendants Fairfield Police
16  Department and City of Fairfield from these claims with
17  prejudice.

18              2.  Claim Two: Excessive Force

19        Defendants argue that Plaintiff's second claim alleging the
20  use of excessive force against Decedent in violation of the
21  Fourth Amendment should be dismissed for the same reasons as the
22  first claim, i.e., because Plaintiff's pleading is insufficient
23  to establish that Sievers and Thomas were involved in the alleged
24  conduct.  Mot. at 5-6.  Defendants note the complaint makes no
25  reference to Sievers or Thomas, instead attributing the conduct
26  at issue, the alleged use of the PIT maneuver on Decedent's
27  motorcycle, entirely to unnamed officers.  Id.

28        Plaintiff argues that Sievers and Thomas worked together

1  with the unnamed officers to "corner and cause [D]ecedent to run
2  off the road."  Opp'n at 9.  So, Plaintiff argues that the motion
3  fails to cast doubt on the culpability of Sievers and Thomas
4  alongside the unnamed officers.  Id.

5      Once again, the Court finds that Plaintiff has failed to
6  allege facts sufficient to maintain this claim against Sievers
7  and Thomas.  The FAC must contain non-conclusory, factual
8  allegations sufficient "to raise a right to relief above the
9  speculative level." Twombly, at 554.  Here, Plaintiff's
10 argument that Sievers and Thomas worked with unnamed officers to
11 coordinate a PIT maneuver on Decedent's motorcycle is entirely
12 conclusory and unsupported by the facts; Plaintiff offers no
13 evidence that Sievers resumed pursuit of Decedent and then
14 coordinated with DOE officers after Decedent made a U-turn on I-
15 80 or that Matthews was ever physically present at any of the
16 events relevant to this case.  Plaintiff's argument is also
17 inconsistent with the allegations in the FAC, which attribute
18 the use of excessive force entirely to the conduct of DOE
19 officers.  In the absence of the non-conclusory, factual
20 allegations necessary to sustain this claim, the Court dismisses
21 this claim against Defendants Sievers and Thomas without
22 prejudice.

23      3.  Claim Three: Substantive Due Process

24     Defendants argue that Plaintiff's third claim alleging due
25 process violations under the Fourteenth Amendment should be
26 dismissed because the pleading is insufficient to (1) establish
27 that Sievers and Thomas were involved in the alleged conduct and
28 (2) meet the heightened "shock the conscience" pleading standard

7

1  required for a Fourteenth Amendment claim.  Mot. at 6.

2  Defendants contend that this third claim fails to attribute any

3  of the alleged wrongful conduct to either named officer, instead

4  attributing the conduct entirely to DOE officers.  Id.  Also,

5  Defendants point out that the alleged use of the PIT maneuver was

6  associated with a legitimate law enforcement objective and not

7  for the purpose of harming Decedent outside of that context.

8  Plaintiff's claim therefore fails to meet the requisite pleading

9  standard under the Fourteenth Amendment.  Id. at 6-7.

10      Plaintiff's argument in opposition does not address

11  Defendants' insufficient pleading argument and instead cites

12  federal case law regarding the Fourteenth Amendment liberty

13  interests that exist for familial relations of decedents.  Opp'n

14  at 9-10.  Plaintiff notes the facts of Zion v. County of Orange,

15  874 F. 3d 1072 (9th Cir. 2017), stating that the circumstances of

16  that case are similar to this case as grounds for denying

17  Defendants' motion.  The Court disagrees.

18      Plaintiff has failed to allege facts sufficient to maintain

19  this third claim against Sievers and Thomas.  The FAC must

20  contain non-conclusory, factual allegations sufficient "to raise

21  a right to relief above the speculative level."  Twombly, at

22  554.  Neither the FAC nor the opposing motion makes any mention

23  of Sievers or Thomas or any alleged actions by them that could

24  allow the Court to reasonably infer that they were involved in

25  the alleged substantive due process violation.  The FAC states

26  that DOE officers violated Plaintiff's substantive due process

27  rights and that DOE officers are the "direct and proximate

28  cause" of Plaintiff's suffering, not Sievers or Thomas.  FAC

8

1  ¶¶ 46-47.  In the absence of the factual allegations necessary
2  to sustain this claim, the Court dismisses this claim against
3  Defendants Sievers and Thomas without prejudice.

4              4.   Claims Four Through Six: Monell Liability

5      In claims four, five, and six, the FAC alleges Monell
6  liability against Defendant City of Fairfield on three separate
7  grounds: (1) ratification, (2) inadequate training, and
8  (3) unconstitutional custom, practice, or policy.  FAC ¶¶ 50-80.
9  Defendants argue that these claims should be dismissed because
10 Plaintiff has failed to allege facts sufficient to support any of
11 the possible theories of liability.  Mot. at 7 (citing Gillette
12 v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).  Defendants
13 argue that the FAC only lists the legal elements of each Monell
14 theory without supporting them with underlying facts.  Id. at 8.

15     Plaintiff's argument in opposition recites case law
16 regarding the imposition of liability on a municipal defendant,
17 particularly how inadequate training can result in liability; but
18 Plaintiff does not directly address Defendants' arguments or
19 point to any factual support in the complaint for a Monell claim.
20 Opp'n at 11-12.

21     For all three claims, the Court finds that Plaintiff has
22 failed to allege facts sufficient to maintain its municipal
23 liability claims against City of Fairfield.  To establish
24 municipal liability under Monell, a plaintiff must show (1) they
25 possessed a constitutional right and were deprived of that
26 right, (2) the municipality had a policy, (3) the policy amounts
27 to deliberate indifference to the plaintiff's constitutional
28 right, and (4) the policy was the moving force behind the

constitutional violation.  <u>Sweiha v. Cnty. of Alameda</u>, No. 19-CV-03098-LB, WL 48482227 (N.D. Cal. 2019) (citing <u>Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill</u>, 130 F.3d 432, 438 (9th Cir. 1997)).  Plaintiff must go beyond recitation of the <u>Monell</u> elements and must allege sufficient allegations of underlying facts to support her claim.  <u>Starr v. Bacca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011), <u>AE ex rel. Hernandez v. Cnty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012).  Plaintiff has failed to do so in this case.  The FAC lacks the factual allegations that would support any of the possible theories of liability.  As Defendants note, reciting a formula without providing any underlying facts is insufficient to maintain a legal claim.  In the absence of the factual allegations necessary to sustain these claims, the Court dismisses without prejudice Plaintiff's § 1983 municipal liability claims under <u>Monell</u> against Defendant City of Fairfield.

5.  <u>Claim Seven: Civil Conspiracy</u>

Defendants argue that Plaintiff's seventh claim alleging a civil conspiracy to use unreasonable and excessive force against Decedent should be dismissed because Plaintiff's pleading is insufficient to establish an agreement or meeting of the minds to violate constitutional rights; the FAC simply states that officers intentionally used the PIT maneuver on Decedent's motorcycle.  Mot. at 8, FAC ¶ 82.  Plaintiff argues in opposition that officers coordinated with each other to perform the maneuver, which is sufficient to show a meeting of the minds and, as a result, a conspiracy to use unreasonable and excessive force against Decedent.  Opp'n at 12-13.

1    Once again, Plaintiff has failed to allege facts sufficient
2 to maintain this claim against Defendants Sievers and Thomas.  In
3 order to allege a conspiracy under § 1983, a plaintiff must show
4 "an agreement or meeting of the minds to violate constitutional
5 rights."  <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2002).  To
6 be liable, each participant in the conspiracy need not know the
7 exact details of the plan, but each participant must at least
8 share the common objective of the conspiracy."  <u>Id.</u> at 441.  This
9 agreement or meeting of the minds may be inferred based on
10 circumstantial evidence, such as the actions of the defendants.
11 <u>Mendocino Envtl. Ctr. v. Mendocino Cty.</u>, 192 F.3d 1283, 1301 (9th
12 Cir. 1999).  The only fact alleged by Plaintiff to support this
13 claim is the conclusory statement that officers "acted in concert
14 to perform the PIT maneuver."  Opp'n at 12-13.  Plaintiff offers
15 no non-conclusory facts in the FAC that could lead the Court to
16 the reasonable inference that either the named or DOE officers
17 acted together to perform the PIT maneuver on Decedent.  On the
18 contrary, the facts suggest that (1) Officers Sievers and Thomas
19 were not involved in the pursuit that led to the alleged use of
20 the PIT maneuver and (2) that there was no coordination between
21 DOE officers outside of relaying updates on Decedent's route and
22 location after Decedent exited I-80.  FAC ¶ 16.  In the absence
23 of factual allegations necessary to sustain this civil conspiracy
24 claim, the Court dismisses the claim against Defendants Sievers
25 and Thomas without prejudice.

26          6.   <u>Prior Motions</u>

27    On September 9, 2021, Defendants moved to dismiss Plaintiff's
28 initial complaint and Plaintiff moved for a 30-day extension of

1   time to file a motion in opposition.  See First Mot. to Dismiss;

2   Mot. for Ext. of Time.  On May 6, 2022, Plaintiff filed her FAC

3   in this Court, thereby rendering moot the initial motion to

4   dismiss and the motion for extension of time.  Accordingly, the

5   Court dismisses these motions as moot.

6

7                          III.   ORDER

8        For the reasons set forth above, this Court GRANTS

9   Defendants' Motion to Dismiss.  Claims one, two, three, and seven

10  against Defendants City of Fairfield and Fairfield Police

11  Department are DISMISSED WITH PREJUDICE.  However, because

12  amendment is not futile on the remaining claims, this Court

13  grants Plaintiff leave to amend the remaining claims.  Eminence

14  Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003)

15  ("Dismissal with prejudice and without leave to amend is not

16  appropriate unless it is clear . . . that the complaint could not

17  be saved by amendment.").

18       If Plaintiff elects to amend her complaint, she shall file a

19  Second Amended Complaint within twenty days of this Order.

20  Defendants' responsive pleading is due twenty days thereafter.

21       Defendants' September 9, 2021 motion to dismiss and

22  Plaintiff's motion for an extension of time are dismissed as

23  moot.

24       IT IS SO ORDERED.

25  Dated: September 19, 2022

26

27  _____

28  JOHN A. MENDEZ
    SENIOR UNITED STATES DISTRICT JUDGE

                            12