UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA V. COOPER, individually as Guardian Ad Litem for minors Z.R.; Z.R., JR.; and D.R., successors-in-interest to ZACHARY T. ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FAIRFIELD; FAIRFIELD POLICE DEPARTMENT AND ITS OFFICERS; OFFICER KENNAN SIEVERS; OFFICER MATTHEW THOMAS; and Does 1-100,<br><br>Defendants. | No. 2:21-cv-01538-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Patricia V. Cooper ("Plaintiff") sued in her individual capacity, as a successor-in-interest to Zachary T. Robinson ("Decedent"), and as Guardian Ad Litem for minors Z.R., Z.R., Junior and D.R., to recover punitive and compensatory damages from Officers Kennan Sievers and Matthew Thomas ("Defendants") for violations of 42 U.S.C. § 1983. See Second Amended Compl. ("SAC"), ECF No. 33. Defendants move to dismiss the SAC. See Mot. to Dismiss ("Mot."), ECF No. 37. Plaintiff opposes the motion. See Opp'n, ECF No. 40. Defendants replied.

1

See Reply, ECF No. 41.

For the reasons set forth below, this Court GRANTS Defendants' motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff alleges that on January 31, 2022, Decedent was being pursued on his motorcycle by Officer Sievers and unnamed officers. SAC ¶ 18. Officer Sievers and the unnamed officers conducted a PIT maneuver on Decedent's motorcycle, causing Decedent to lose control of the vehicle and collide with a pole, resulting in his death. Id. At the time of the alleged PIT maneuver, Officer Sievers was travelling at approximately 105 miles per hour. Id. Officer Thomas reviewed and ratified Sievers' report. Id. Plaintiff alleges that Decedent had not committed a crime, posed no threat of violence to officers, nor committed any actions that justified the use of deadly force against him. Id. ¶¶ 19-22. Further, Plaintiff claims that Defendants acted in concert with one another to engage in a repeated pattern and practice of using excessive, arbitrary, and/or unreasonable force against individuals, including Decedent. Id. ¶ 25.

On August 26, 2021, this action was removed from state court; one week later, Defendants moved to dismiss the initial complaint. See Notice of Removal, ECF No. 1; Mot. to Dismiss, ECF No. 3. On May 6, 2022, Plaintiff filed the first amended complaint ("FAC"), bringing causes of action under 42 U.S.C.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 24, 2023.

1  § 1983 for (1) detention and arrest, (2) excessive force,
2  (3) substantive due process, (4) ratification, (5) inadequate
3  training, (6) unconstitutional custom, practice, or policy, and
4  (7) civil conspiracy. See FAC, ECF No. 21. Defendants moved to
5  dismiss the FAC under FRCP 12(b)(6) for failure to state a claim
6  upon which relief could be granted. See Mot. to Dismiss, ECF
7  No. 24. This Court granted Defendants' motion and dismissed
8  Plaintiff's first, second, third, and seventh causes of action
9  against Defendants City of Fairfield and Fairfield Police
10 Department with prejudice. See Order, ECF No. 32. Plaintiff
11 then filed the operative SAC against Officers Sievers and Thomas,
12 bringing causes of action under 42 U.S.C. § 1983 for (1) wrongful
13 death, (2) deprivation of the constitutional right to familial
14 relationship, (3) unconstitutional custom, practice, or policy,
15 (4) civil conspiracy, and (5) substantive due process. Defendants
16 seek to have the SAC dismissed in its entirety.

17                    II.   OPINION
18    A.   Legal Standard
19       In considering a motion to dismiss for failure to state a
20 claim upon which relief can be granted under FRCP 12(b)(6), the
21 Court must accept the allegations in the SAC as true and draw all
22 reasonable inferences in favor of Plaintiff. Moss v. U.S. Secret
23 Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v.
24 Iqbal, 556 U.S. 662, 678 (2009)). The SAC must possess more than
25 "a formulaic recitation of the elements of a cause of action;" it
26 must contain non-conclusory, factual allegations sufficient "to
27 raise a right to relief above the speculative level." Bell
28 Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).

B.  Analysis

    1.  Claim One: Wrongful Death

Defendants argue that Plaintiff's first claim alleging Decedent's wrongful death under the Fourth and Fourteenth Amendments should be dismissed because Plaintiff's pleading is (1) duplicative and (2) insufficient to show that Defendants' alleged use of the PIT maneuver on Decedent's motorcycle "shocks the conscience" of the Court, particularly due to the context in which the maneuver was allegedly used. Mot. at 5-6. Defendants also contend that Plaintiff offers no evidence that Defendant Thomas was involved in the alleged conduct at issue, so the claim against him should be dismissed. Id. at 5. Plaintiff responds that Defendant Thomas is liable because the alleged facts are sufficient to state a cause of action against the City of Fairfield, which can be imputed to Defendant Thomas. Opp'n at 8. Plaintiff then claims that Defendants' motion cannot definitely state that neither Defendant was at the scene of Decedent's collision and that, to the contrary, the Defendants acted jointly with unnamed officers to harm Decedent. Id.

The Court finds that Plaintiff has failed to allege facts sufficient to maintain this claim against Defendants. The SAC must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 554. A defendant is entitled to know what actions a plaintiff alleges it engaged in that supports the plaintiff's claims; failure to "delineate conduct by a specific defendant prevents the court from drawing the reasonable inference that the specific defendant is liable for the claim alleged and justifies

4

dismissal of the claim." J.M. v. Pleasant Ridge Union Sch. Dist., No. CV21600897WBSCKD, 2017 WL 117965, at *2 (E.D. Cal. Jan. 10, 2017). Plaintiff's contention that Defendants Sievers and Thomas were involved in the alleged constitutional violation fails to rise beyond speculation. Plaintiff offers no allegations that Defendant Thomas was involved in the conduct at issue at all. SAC ¶ 18. As for Defendant Sievers, the SAC simply states that Sievers and an unknown number of unnamed officers conducted a PIT maneuver on Decedent's motorcycle. Id. As the PIT maneuver is a law enforcement pursuit tactic conducted by a single law enforcement vehicle on a fleeing suspect's vehicle, this allegation alone is insufficient to allow the Court to draw a reasonable inference that Defendant Sievers specifically conducted the PIT maneuver alleged by Plaintiff. Plaintiff's claim that general allegations against a police department can be imputed against individual officers is unsupported by any legal authority and is unpersuasive. Plaintiff has had three opportunities to properly plead this claim and in the absence of sufficient factual allegations capable of curing the defects in the SAC, the Court dismisses this claim against Defendants with prejudice. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir.1990)).

       2. Claim Two: Right to Familial Relations

Defendants argue that Plaintiff's claim is inadequately pled as it consists of the single allegation that Defendants deprived Decedent's children of their right to a familial relationship with Decedent. Mot. at 6. Defendants again contend that the use of the PIT maneuver in itself is insufficient to constitute

1  conduct that would shock the conscience of the Court.  Id.
2  Plaintiff claims that the PIT maneuver is a dangerous technique
3  and that its use constitutes conduct that would shock the
4  conscience of the Court.  Opp'n at 9.  Plaintiff then cites
5  authority from other circuits discussing the liability of law
6  enforcement officers responding to non-emergencies.  Id. at 9-10.
7       The Court finds that Plaintiff has failed to allege facts
8  sufficient to maintain this claim against Defendants.  The SAC
9  must contain non-conclusory, factual allegations sufficient "to
10 raise a right to relief above the speculative level."  Twombly,
11 550 U.S. at 554.  A defendant is entitled to know what actions a
12 plaintiff alleges it engaged in that supports the plaintiff's
13 claims; failure to "delineate conduct by a specific defendant
14 prevents the court from drawing the reasonable inference that the
15 specific defendant is liable for the claim alleged and justifies
16 dismissal of the claim."  Pleasant Ridge, No. CV21600897WBSCKD at
17 *2.  The SAC simply realleges the facts in Plaintiff's first
18 claim and adds that Defendants' actions deprived Decedent's
19 children of their right to a familial relationship through
20 deliberate indifference, which is insufficient to raise
21 Plaintiff's right to relief above the speculative level.
22 Plaintiff has again failed to: (1) allege that Defendant Thomas
23 was involved in the alleged PIT maneuver at all or even present
24 at the scene of the incident; and (2) allege sufficient facts for
25 this Court to draw a reasonable inference that Defendant Sievers
26 specifically conducted the alleged PIT maneuver used on Decedent.
27 Plaintiff's reference to case law in other circuits regarding
28

officer liability is immaterial and unpersuasive.[2]  In the absence of sufficient factual allegations capable of curing the defects in the SAC, the Court finds that further amendment would be futile and dismisses this claim against Defendants with prejudice.  Reddy, 912 F.2d at 296.

### 3. Claim Three: Municipal Liability

Defendants contend that Plaintiff's Monell claim must fail because it is both inadequately plead and alleged against individual officers instead of a local government unit.  Mot. at 7-8.  Plaintiff responds by discussing the different theories of liability under Monell and claiming that the City of Fairfield can be held liable for Plaintiff's injuries.  Opp'n at 11-13.

The Court finds that Plaintiff's Monell claim fails because Defendants are individuals and Monell liability only applies to local government entities.  Reason v. City of Richmond, No. 20-CV-01900-WBS-EFB, 2021 WL 107225, at *5 (E.D. Cal. Jan. 12, 2021); see also Guillory v. Orange Cty., 731 F.2d 1379, 1382 (9th Cir. 1984) ("Monell does not concern liability of individuals acting under color of state law.").  There is no legal authority that supports vicarious liability claims directly against these individual defendants under Monell.  The Court finds that Defendants are improper defendants for this claim and dismisses this claim with prejudice because further amendment is futile.

### 4 Claim Four: Civil Conspiracy

Defendants argue that Plaintiff's civil conspiracy claim

---

[2] The Court further notes that Plaintiff's reference to newspaper articles to support her brief is immaterial as such materials are not properly considered on a motion to dismiss.  See In re Boeing Sec. Litig., 40 F. Supp. 2d 1160, 1171 n.9 (W.D. Wash. 1998)

must fail because it is inadequately plead.  Mot. at 8.
Defendants claim that Plaintiff has failed to demonstrate that
there was any communication or agreement between Defendants.  Id.
at 9.  Plaintiff responds that Defendants and unnamed officers
acted in concert to perform the PIT maneuver on Decedent's
motorcycle, which is sufficient to establish the requisite
"meeting of the minds" for Plaintiff's conspiracy claim.  Opp'n
at 13-14.  The Court disagrees.

    The SAC must contain non-conclusory, factual allegations
sufficient "to raise a right to relief above the speculative
level."  Twombly, 550 U.S. at 554.  In order to allege a
conspiracy under § 1983, a plaintiff must show "an agreement or
meeting of the minds to violate constitutional rights."  Franklin
v. Fox, 312 F.3d 423, 441 (9th Cir. 2002).  To be liable, each
participant in the conspiracy need not know the exact details of
the plan, but each participant must at least share the common
objective of the conspiracy."  Id. at 441.  This agreement or
meeting of the minds may be inferred based on circumstantial
evidence, such as the actions of the defendants.  Mendocino
Envtl. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1301 (9th Cir.
1999).  The only fact alleged by Plaintiff to support this claim
is the conclusory statement that Defendants and unnamed officers
acted in concert to perform the PIT maneuver.  Opp'n at 12-13.
This allegation alone is insufficient to sustain Plaintiff's
claim.  Plaintiff offers no evidence that either Defendants:
(1) were specifically involved in the use of the alleged PIT
maneuver, a technique that requires one police vehicle; (2) had
any communications about the use of the PIT maneuver before,

1  during, or after the incident with Decedent; or (3) shared an
2  objective with unnamed officers to violate Decedent's
3  constitutional rights.  In the absence of sufficient factual
4  allegations capable of curing the defects in the SAC, and finding
5  that further amendment is futile, the Court dismisses this claim
6  against Defendants with prejudice.  Reddy, 912 F.2d at 296.

           5.   Claim Five: Substantive Due Process

8   Defendants contend that Plaintiff's due process claim should
9  be dismissed because Plaintiff's allegations are vague and
10 insufficient to sustain Plaintiff's claim.  Mot. at 6-7.  As for
11 the alleged use of the PIT maneuver, Defendants argue that if it
12 was employed by officers, it was for a legitimate law enforcement
13 objective, namely stopping Decedent from travelling at 105 miles
14 per hour on the road.  Id. at 7.  Plaintiff responds that (1) the
15 use of the PIT maneuver "shocks the conscience" and (2) Plaintiff
16 and Decedent's children had their familial relationship with
17 Decedent violated by Defendants' unconstitutional actions, both
18 of which are sufficient to sustain Plaintiff's substantive due
19 process claim.  Opp'n at 10-11.  Plaintiff then notes the facts
20 of Zion v. County of Orange, 874 F. 3d 1072 (9th Cir. 2017),
21 stating that the circumstances of that case are similar to this
22 case as grounds for denying Defendants' motion.  Id. at 11.  The
23 Court disagrees.
24  A defendant is entitled to know what actions a plaintiff
25 alleges it engaged in that supports the plaintiff's claims;
26 failure to "delineate conduct by a specific defendant prevents
27 the court from drawing the reasonable inference that the specific
28 defendant is liable for the claim alleged and justifies dismissal

of the claim." Pleasant Ridge, No. CV21600897WBSCKD at *2. As noted above, Plaintiff's contention that Defendants Sievers and Thomas were involved in the alleged constitutional violation fails to rise beyond speculation. Plaintiff offers no facts that Defendant Thomas was involved in the conduct at issue at all. SAC ¶ 18. As for Defendant Sievers, the SAC simply states that Sievers and an unknown number of unnamed officers conducted a PIT maneuver on Decedent's motorcycle. Id. As the PIT maneuver is a law enforcement pursuit tactic conducted by a single law enforcement vehicle on a fleeing suspect's vehicle, this allegation alone is insufficient to allow the Court to draw a reasonable inference that Defendant Sievers specifically conducted the PIT maneuver alleged by Plaintiff. In the absence of sufficient factual allegations capable of curing the defects in the SAC, and finding that further amendment is futile, the Court dismisses this claim against Defendants with prejudice. Reddy, 912 F.2d at 296.

### III. SANCTIONS

This Court issued its Order re Filing Requirements ("Filing Order") on July 22, 2022. ECF No. 30-2. The Filing Order limits reply memoranda to five pages. Filing Order at 1. The Filing Order also states that an attorney who exceeds the page limit must pay monetary sanctions of $50 per page. Id. Defendants exceeded the Court's 5-page limit on reply memoranda by four pages. See Reply. The Court therefore ORDERS Defendants' counsel to pay $200.00 to the Clerk for the Eastern District of California no later than seven days from the date of this Order.
///

## IV.   ORDER

For the reasons set forth above, this Court GRANTS Defendants' motion.  Because Plaintiff has had multiple opportunities to properly plead her claims but has failed, the Court finds further amendment would be futile. The Second Amended Complaint is DISMISSED WITH PREJUDICE.  See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (explaining a district court need not grant leave to amend where amendment would be futile).

IT IS SO ORDERED.

Dated: January 30, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE